UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERISOURCEBERGEN DRUG )
CORPORATION, )
 )
    Plaintiff )
 )
v. )
 )
BEDARD PHARMACY, INC., )
 )
    Defendant )
 )
_____ )   CIVIL ACTION NO. 05 10131 PBS
 )
BEDARD PHARMACY, INC. AND )
BEDARD LONG TERM CARE )
 )
    Counterclaim Plaintiffs )
 )
v. )
 )
AMERISOURCEBERGEN DRUG )
CORPORATION, )
 )
    Counterclaim Defendant )

**ANSWER OF BEDARD PHARMACY, INC. AND COUNTERCLAIM OF
BEDARD PHARMACY, INC. AND BEDARD LTC**

NOW COMES Defendant Bedard Pharmacy, Inc. ("Bedard") and Counterclaimants Bedard Pharmacy, Inc. and Bedard Long Term Care, and hereby answer Plaintiff's Amended Complaint (the "Complaint") and assert certain counterclaim(s) against the Plaintiff as follows:

    1.    Bedard admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Bedard admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Bedard admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Bedard admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Bedard admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Bedard admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Bedard is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore calls upon Plaintiff to prove same.

8. Bedard is without sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore calls upon Plaintiff to prove same.

9. Bedard is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore calls upon Plaintiff to prove same.

10. Bedard denies the allegations contained in Paragraph 10 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

11. Bedard admits that Plaintiff has made demand upon Bedard for payment of amounts allegedly due and owing, however, Bedard denies that any amounts are due and owing from it to the Plaintiff.

12. Bedard denies the allegations contained in Paragraph 12 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

## COUNT ONE
### (Breach of Contract)

13. Bedard restates as if fully set forth here each of its answers to Paragraphs 1 through 12 above.

14. Bedard denies the allegations contained in Paragraph 14 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

15. Bedard denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

## COUNT TWO
### (Unjust Enrichment)

16. Bedard restates as if fully set forth here each of its answers to Paragraphs 1 through 15 above.

17. Bedard denies the allegations contained in Paragraph 17 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

18. Bedard denies the allegations contained in Paragraph 18 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

## COUNT THREE
### (Quantum Meruit)

19. Bedard restates as if fully set forth here each of its answers to Paragraphs 1 through 18 above.

20. Bedard denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

21. Bedard denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

22. Bedard denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and calls upon Plaintiff to prove same.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's action may be barred in whole or in part by the doctrine of estoppel, including equitable estoppel or estoppel *in pais*.

3. Plaintiff's action may be barred in whole or in part by the doctrine of waiver.

4. Plaintiff's action may be barred in whole or in part due to failure of consideration.

5. Plaintiff's action may be barred in whole or in part by payment.

6. Plaintiff's action may be barred in whole or in part by breach of conditions precedent, or by the doctrine of prior breach terminating contract, specifically with

526543                                      4

respect to prices charged and/or acts or omissions constituting breach of obligations under pricing, coding, or Pro Generics sections of the contract at issue.

7. Plaintiff's action may be barred in whole or in part by a right of setoff for monies owed by Plaintiff to Defendant.

8. Plaintiff's action must be denied due to Plaintiff's breach of its obligations to Bedard under the Prime Vendor Agreement.

9. Plaintiff's action is barred by the doctrine of Accord and Satisfaction.

## COUNTERCLAIM

1. Bedard Pharmacy, Inc. is a Maine corporation with a principal place of business in the City of Lewiston, State of Maine.

2. Bedard Long Term Care is a Maine corporation with a principal place of business in the City of Lewiston, State of Maine.

3. Bedard Long Term Care joins this action as a counterclaim plaintiff pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

4. Counterclaim Defendant AmerisourceBergen Drug Corporation ("ABDC") is a corporation duly organized and existing under the laws of the State of Delaware and has its principal place of business in the Commonwealth of Pennsylvania.

5. ABDC is engaged in the business of selling, at wholesale, a broad array of pharmaceutical products.

6. In September of 2002 Bedard Pharmacy and Bedard Long Term Care executed an agreement, the "Prime Vendor Agreement," agreeing to pay ABDC for certain pharmaceutical products. A copy of the Prime Vendor Agreement is attached as Exhibit A to the original action commenced by ABDC herein.

7. Pricing and payment terms under the Prime Vendor Agreement were set forth in the Agreement, effective date September 4, 2002, including a Pricing/Payment Terms section setting forth Price of Goods for various Products sold, including but not limited to products sold subject to a GPO (Group Purchasing Organization) contract price.

8. Upon commencement of the Contract Term as of September of 2002, through to September of 2004, ABDC charged Counterclaim Plaintiffs incorrect prices on purchases, either by listing higher or incorrect prices, or by incorrectly coding product items so as to cause Counterclaim Plaintiffs to pay a much higher price than agreed to.

9. Given the significant volume of purchases, discrete product items, and discrete product prices, over the two year period of the contract from September of 2002 to September of 2004, major discrepancies in pricing and coding could not be readily ascertained by Counterclaim Plaintiffs, and ABDC knew or should have known that mispriced items or miscoded items would be very difficult for a customer in Counterclaim Plaintiffs' position to detect without substantial expense in monitoring contract performance.

10. Counterclaim Plaintiff Bedard Pharmacy, Inc. retained MedAssets, who conducted an audit in connection with Bedard Pharmacy, Inc.'s investigation of shrinking gross margins during the Term of the Prime Vendor Agreement.

11. Counterclaim Plaintiff Bedard Long Term Care retained MHA, who conducted an audit in connection with Bedard Long Term Care's investigation of shrinking gross margins during the Term of the Prime Vendor Agreement.

12. Both audits revealed that ABDC incorrectly or wrongfully coded items, causing Counterclaim Plaintiffs to pay for items at a much higher price than agreed to, or ABDC incorrectly priced items causing Counterclaim Plaintiffs to pay for items at an incorrectly higher price than agreed to.

13. The issues relating to potential problems in coding and/or pricing were brought to the attention of representatives of ABDC, in the Summer of 2003, after months of Counterclaim Plaintiffs gathering information, organizing it, and analyzing it at significant time and expense, finally learning of the inaccurate billing practices of ABDC.

14. In November of 2003, after discussions with representatives of ABDC regarding ABDC's inaccurate billing practices, Counterclaim Plaintiffs received many credit/re-bill invoices, crediting thousands of dollars because of billing errors, but the re-bill invoices were not backdated and credits stopped after a few weeks.

15. Audits performed by MedAssets for Bedard Pharmacy, Inc. and MHA for Bedard Long Term Care in 2004 confirmed that improper billing practices on the part of ABDC resulted in a substantial loss to Counterclaim Plaintiffs, which loss has not been credited or reimbursed by ABDC.

16. On September 23, 2004, a registered letter was sent to ABDC, stating that it had been over a year since Counterclaim Plaintiffs first brought to ABDC's attention the problems regarding pricing errors, and the fact that independent audits conducted by Counterclaim Plaintiffs at considerable time and expense confirmed the inaccurate billing practices; the letter also stated $150,000 would be deducted from outstanding invoices to cover the unreimbursed loss caused by ABDC's inaccurate billing practices.

17. All conditions precedent of Counterclaim Plaintiffs have been performed or have occurred.

18. ABDC's inaccurate billing practices have caused and will continue to cause substantial economic loss and damage to the Counterclaim Plaintiffs.

## COUNT I
## Unfair Trade Practices
## M.G.L. c.93A

19. Counterclaim Plaintiffs repeat and reallege paragraphs 1 through 18 as if specifically set forth at length herein.

20. ABDC and the Counterclaim Plaintiffs engaged in trade and commerce in the Commonwealth of Massachusetts during the negotiations of the Prime Vendor Agreement and thereafter when ABDC sold goods (drugs) to the Counterclaimants from its Massachusetts' facilities.

21. ABDC's wrongful and erroneous billing practices constitute unfair trade and business practices in violation of M.G.L c.93A.

22. The acts and omissions of ABDC, including but not limited to unfair billing practices, incorrect pricing, and incorrect product item coding, and failure to issue proper credit(s) thereafter, constitute unfair and deceptive trade practices in violation of M.G.L. c.93A.

23. Counterclaim Plaintiffs have suffered economic damages as a result of ABDC's unfair and deceptive trade practices in having made overpayments to ABDC based on improper coding or pricing on ABDC invoices.

24. In addition to economic damages, Counterclaim Plaintiffs have sustained significant investigative costs and expenses, including independent auditor investigation

526543                                    8

expenses, in order to uncover the wrongful and unfair trade practices committed by ABDC.

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against ABDC in the amount of damages proven at trial together with interest, attorneys fees, costs of suit, and other incidental and consequential damages, costs, or expenses and that this Court award multiple damages together with such further relief as the court deems just and proper.

## COUNT II
### Breach of Covenant of Good Faith and Fair Dealing

25. Counterclaim Plaintiffs repeat and reallege paragraphs 1 through 24 as if specifically set forth at length herein.

26. Pursuant to its contractual obligations, ABDC owed an implied covenant of good faith and fair dealing to Counterclaim Plaintiffs.

27. The acts and omissions of ABDC, including but not limited to unfair billing practices, incorrect pricing, and incorrect product item coding, breached the covenant of good faith and fair dealing.

28. Said breach caused economic loss and damages to Counterclaim Plaintiffs.

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against ABDC in an amount of damages proven at trial together with interest, attorneys fees, costs of suit, and other incidental and consequential damages, costs, or expenses, and such further relief as the court deems just and proper.

## COUNT III
### Breach of Fiduciary Duty

29. Counterclaim Plaintiffs repeat and reallege paragraphs 1 through 28 as if specifically set forth at length herein.

30. ABDC owed the Counterclaim Plaintiffs' an "agency" or "fiduciary duty" with respect to invoicing, product pricing, and product coding under the Prime Vendor Agreement.

31. ABDC's improper and erroneous billing practices, constituted a breach of said fiduciary obligation(s).

32. ABDC's breach of duty caused economic harm and loss to the Counterclaim Plaintiffs.

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against ABDC in an amount of damages proven at trial together with interest, attorneys fees, costs of suit, and other incidental and consequential damages, costs, or expenses, and such further relief as the court deems just and proper.

## COUNT IV
### Breach of Contract

33. Counterclaim Plaintiffs repeat and reallege paragraphs 1 through 32 as if specifically set forth at length herein.

34. The conduct, acts, or omissions of ABDC outlined above, constitute a breach or breaches of the terms of the contractual obligations between ABDC and Counterclaim Plaintiffs.

35. Said breach or breaches have caused damage to the Counterclaim Plaintiffs, including overpayments and costs and expenses related to investigation of ABDC's improper or inaccurate billing practices.

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against ABDC in an amount of damages proven at trial together with interest, attorneys fees, costs of suit, and other incidental and consequential damages, costs, or expenses, and such further relief as the court deems just and proper.

Dated: April 27, 2005

        Defendant:

        BEDARD PHARMACY, INC.

        By its Attorneys,

        \s\ Hugh J. Gorman, III
        Hugh J. Gorman, III (BBO #552147)
        Hinckley, Allen & Snyder LLP
        28 State Street
        Boston, MA 02109-1775
        617-345-9000

        Of Counsel

        Russell B. Pierce, Jr., Esq.
        Adrian P. Kendall, Esq.
        NORMAN, HANSON & DETROY, LLC
        415 Congress Street
        P.O. Box 4600
        Portland, ME 04112
        207-774-7000

CERTIFICATE OF SERVICE

    I, Hugh J. Gorman, III, certify that on this date I served a copy of the foregoing Answer and Counterclaim on Plaintiff's counsel by First Class United States Mail Postage Prepaid.

                                        \s\ Hugh J. Gorman, III
                                        Hugh J. Gorman, III