UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION, | : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION NO. 05 10131 PBS <br> : |
| v. | : <br> : |
| BEDARD PHARMACY INC., | : <br> : |
| Defendant. | : <br> : |
| BEDARD PHARMACY, INC. and BEDARD LONG TERM CARE, | : <br> : <br> : |
| Counterclaim Plaintiffs, | : <br> : |
| v. | : <br> : |
| AMERISOURCEBERGEN DRUG CORPORATION, | : <br> : <br> : |
| Counterclaim Defendant. | : <br> : |
| AMERISOURCEBERGEN DRUG CORPORATION, | : <br> : <br> : |
| Counterclaim Plaintiff, | : <br> : |
| v. | : <br> : |
| BEDARD LONG TERM CARE, | : <br> : |
| Counterclaim Defendant. | : |

**ANSWER TO COUNTERCLAIM AND COUNTERCLAIM**

Plaintiff, AmerisourceBergen Drug Corporation ("ABDC") hereby answers the Counterclaim of Counterclaim Plaintiffs Bedard Pharmacy, Inc. ("Bedard Pharmacy") and

Bedard Long Term Care ("Bedard LTC") and asserts compulsory counterclaims against Bedard LTC as follows:

1. The averments of paragraph 1 are admitted.

2. The averments of paragraph 2 are admitted.

3. The averments paragraph 3 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 3 require a response, they are denied.

4. The averments of paragraph 4 are admitted.

5. The averments of paragraph 5 are admitted.

6. The averments of paragraph 6 are admitted.

7. The averments of paragraph 7 are denied to the extent they attempt to characterize the contents of a writing (the "Prime Vendor Agreement"), the best evidence of which is the writing itself.

8. Denied.

9. Denied.

10. ABDC is without knowledge or information sufficient to form a belief as to the averments of paragraph 10 and, therefore, each and every averment contained therein is denied.

11. ABDC is without knowledge or information sufficient to form a belief as to the averments of paragraph 11 and, therefore, each and every averment contained therein is denied.

12. ABDC is without knowledge or information sufficient to form a belief as to the averments of paragraph 12 regarding what any alleged "audits" purportedly revealed and, therefore, each and every averment contained therein is denied. By way of further response, ABDC specifically denies it incorrectly or wrongfully coded items or incorrectly priced any

items causing Counterclaim Plaintiffs to pay for items at an incorrectly higher price than agreed to.

13. Denied. By way of further response, ADBC specifically denies any inaccurate billing practices.

14. The averments of paragraph 14 are denied to the extent they attempt to characterize the contents of alleged writings (the alleged November 2003 credit/re-bill invoices), the best evidence of which are the writings themselves. By way of further response, ABDC specifically denies any inaccurate billing practices or billing errors.

15. ABDC is without knowledge or information sufficient to form a belief as to the averments of paragraph 15 regarding what any alleged "audits" purportedly revealed and, therefore, each and every averment contained therein is denied. By way of further response, ABDC specifically denies it incorrectly or wrongfully coded items or incorrectly priced any items resulting in any loss to Counterclaim Plaintiffs.

16. The averments of paragraph 16 are denied to the extent they attempt to characterize the contents of alleged writings (the alleged September 23, 2004 letter), the best evidence of which is the writings itself. By way of further response, ABDC specifically denies any inaccurate billing practices or billing errors.

17. Denied.

18. Denied.

## COUNT I
## Unfair Trade Practices
## M.G.L. c. 93A

19. ABDC incorporates all of the previous allegations of this Answer to Counterclaim as if set forth at length herein.

20. The averments paragraph 20 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 20 require a response, they are denied.

21. The averments paragraph 21 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 21 require a response, they are denied.

22. The averments paragraph 22 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 22 require a response, they are denied.

23. The averments paragraph 23 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 23 require a response, they are denied.

24. The averments paragraph 24 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 24 require a response, they are denied.

WHEREFORE, ABDC respectfully requests that this Court enter an Order granting judgment in its favor and against Counterclaim Plaintiffs Bedard Pharmacy, Inc. and Bedard Long Term Care together with costs, attorneys' fees and such other and further relief as the Court deems just.

## COUNT II
### Breach of Covenants of Good Faith and Fair Dealing

25. ABDC incorporates all of the previous allegations of this Answer to Counterclaim as if set forth at length herein.

26. The averments paragraph 26 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 26 require a response, they are denied.

27. The averments paragraph 27 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 27 require a response, they are denied.

28. The averments paragraph 28 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 28 require a response, they are denied.

WHEREFORE, ABDC respectfully requests that this Court enter an Order granting judgment in its favor and against Counterclaim Plaintiffs Bedard Pharmacy, Inc. and Bedard Long Term Care together with costs, attorneys' fees and such other and further relief as the Court deems just.

### COUNT III
### Breach of Fiduciary Duty

29. ABDC incorporates all of the previous allegations of this Answer to Counterclaim as if set forth at length herein.

30. The averments paragraph 30 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 30 require a response, they are denied.

31. The averments paragraph 31 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 31 require a response, they are denied.

32. The averments paragraph 32 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 32 require a response, they are denied.

WHEREFORE, ABDC respectfully requests that this Court enter an Order granting judgment in its favor and against Counterclaim Plaintiffs Bedard Pharmacy, Inc. and Bedard Long Term Care together with costs, attorneys' fees and such other and further relief as the Court deems just.

## COUNT IV
## Breach of Contract

33. ABDC incorporates all of the previous allegations of this Answer to Counterclaim as if set forth at length herein.

34. The averments paragraph 34 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 34 require a response, they are denied.

35. The averments paragraph 35 are conclusions of law to which no admission or denial is required. To the extent the averments of paragraph 35 require a response, they are denied.

WHEREFORE, ABDC respectfully requests that this Court enter an Order granting judgment in its favor and against Counterclaim Plaintiffs Bedard Pharmacy, Inc. and Bedard Long Term Care together with costs, attorneys' fees and such other and further relief as the Court deems just.

## AFFIRMATIVE DEFENSES

Counterclaim Defendant AmerisourceBergen Drug Corporation asserts the following affirmative defenses without assuming any burden of proof for issues on which Counterclaimants Bedard Pharmacy, Inc. and Bedard Long Term Care bears such burdens.

### First Affirmative Defense

The counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The counterclaim is barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense

The counterclaim is barred, in whole or in part, by the doctrine of waiver.

### Fourth Affirmative Defense

The counterclaim is barred, in whole or in part, because ABDC did not breach any agreement as alleged.

### Fifth Affirmative Defense

The counterclaim is barred, in whole or in part, because ABDC at all times fully performed its obligations under the Prime Vendor Agreement.

### Sixth Affirmative Defense

ABDC hereby asserts all of its rights against Counterclaim Plaintiffs to set-off, recoupment or other equitable rights with regard to the amounts Counterclaim Plaintiffs owe ABDC.

WHEREFORE, ABDC respectfully requests that this Court enter an Order granting judgment in its favor and against Counterclaim Plaintiffs Bedard Pharmacy, Inc. and Bedard Long Term Care together with costs, attorneys' fees and such other and further relief as the Court deems just.

## COUNTERCLAIM

Counterclaim Defendant and Counterclaim Plaintiff AmerisourceBergen Drug Corporation ("ABDC") as and for its counterclaim against Bedard Long Term Care ("Bedard LTC") alleges as follows:

### PARTIES

1. ABDC is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 1300 Morris Drive, Chesterbrook (Tredyffrin Township), Pennsylvania 19087.

2. Defendant Bedard LTC is a Maine corporation with its principal place of business in the city of Lewiston, Maine.

### JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367(a) in that this claim is so closely related to Bedard LTC's claims that it forms part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

### FACTUAL BACKGROUND

5. ABDC is engaged in the business of selling, at wholesale, a broad array of pharmaceutical products.

6. In or about September 2002 Bedard Pharmacy, Inc., Bedard Medical, Inc. and Bedard Long Term Care executed an agreement styled "Prime Vendor Agreement" agreeing to pay ABDC for pharmaceutical products. A copy of the Prime Vendor Agreement is attached to ABDC's original complaint and incorporated herein as Exhibit "A".

7. Pursuant to the Prime Vendor Agreement, Bedard LTC agreed to pay ABDC semi-monthly as follows: purchases from the 1st through the 15th of the month were due by the

25th of the same month; purchases from the 16th through the end of the month were due by the 10th of the following month.

8. At various times during calendar year 2004, from its facility located in Mansfield, Massachusetts, ABDC sold and delivered to Bedard LTC pharmaceutical products (the "Goods") pursuant to the Prime Vendor Agreement for which Bedard LTC has failed to make payment.

9. In accordance with the Prime Vendor Agreement, Bedard LTC received invoices for the Goods (the "Invoices") and accepted them.

10. Bedard LTC is in default of its obligations pursuant to the Prime Vendor Agreement as a result of, among other things, its failure to pay ABDC for the Goods delivered.

11. ABDC has made demand upon Bedard LTC for the amount due pursuant to the Prime Vendor Agreement.

12. At all times relevant hereto, Bedard LTC continues to refuse to remit payment to ABDC for the Goods sold and delivered.

## COUNT ONE
## BREACH OF CONTRACT

13. ABDC hereby incorporates all of the previous allegations of this Counterclaim as if set forth fully and at length herein.

14. By reason of the foregoing Bedard LTC has defaulted on its obligations under the Prime Vendor Agreement.

15. By reason of the foregoing, there is immediately due and payable under and in connection with the Prime Vendor Agreement the sum of $3,437.51, plus interest and attorneys' fees as provided by the Prime Vendor Agreement.

WHEREFORE, ABDC respectfully requests that this Honorable Court enter a judgment in its favor and against Bedard Long Term Care in the amount of $3,437.51, plus interest, attorneys' fees, cost of suit, and such other, further relief as the court deems just.

## COUNT TWO
## UNJUST ENRICHMENT

16. ABDC incorporates all of the previous allegations of this Counterclaim as if set forth at length herein.

17. By not paying ABDC for the Goods sold and delivered, Bedard LTC has been unjustly enriched to the detriment of ABDC.

18. The reasonable value of the Goods sold and delivered to Bedard LTC by ABDC is $3,437.51.

WHEREFORE, ABDC respectfully requests that this Honorable Court enter a judgment in its favor and against Bedard Long Term Care in the amount of $3,437.51, plus interest, attorneys' fees, cost of suit, and such other, further relief as the court deems just.

## COUNT THREE
## QUANTUM MERUIT

19. ABDC hereby incorporates all of the previous allegations of this Counterclaim as if set forth fully and at length herein.

20. ABDC claims from Bedard LTC the reasonable value of the Goods provided by ABDC to Bedard LTC upon the promise of Bedard LTC to pay a reasonable price for the same.

21. The reasonable value of the Goods sold and delivered to Bedard LTC by ABDC is $3,437.51.

22. Despite demand for payment, Bedard LTC has refused and continues to refuse to pay ABDC the reasonable value of the Goods.

WHEREFORE, ABDC respectfully requests that this Honorable Court enter a judgment in its favor and against Bedard Long Term Care in the amount of $3,437.51, plus interest, attorneys' fees, cost of suit, and such other, further relief as the court deems just.

Dated:  May 17, 2005

                                      BODOFF & SLAVITT

                                  By:    /s/  Jason Caron
                                        Evan Slavitt, Esquire (466510)
                                        Jason Caron (639117)
                                        225 Friend Street
                                        Boston, MA  20114-1812
                                        Telephone:  617-742-7300
                                        Facsimile:  617-742-9969

                            Of Counsel

                                        Morton R. Branzburg, Esquire
                                        Matthew J. Borger, Esquire
                                        KLEHR, HARRISON, HARVEY,
                                        BRANZBURG & ELLERS LLP
                                        260 S. Broad Street
                                        Philadelphia, PA  19102-5003
                                        Telephone:  215-568-6060
                                        Facsimile:  215-568-6603

                            Attorneys for Plaintiff, AmerisourceBergen Drug Corporation