## UNITED STTES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-10131 PBS |
| v. | ) ) | |
| BEDARD PHARMACY, INC. | ) ) | |
| Defendant. | ) ) | |
| | ) | |
| BEDARD PHARMACY, INC. and BEDARD LONG TERM CARE, | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| AMERISOURCEBERGEN DRUG CORPORATION, | ) ) ) | |
| Counterclaim Defendant. | ) ) | |
| | ) | |
| AMERISOURCEBERGEN DRUG CORPORATION, | ) ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| BEDARD LONG TERM CARE, | ) ) | |
| Counterclaim Defendant. | ) ) | |

## BEDARD LONG TERM CARE'S
## ANSWER TO COUNTERCLAIM

531579

Now comes Bedard Long Term Care ("Bedard") and hereby answers the counterclaim asserted by the Plaintiff Amerisourcebergen Drug Corporation ("ABDC") as follows:

1.      The averments as of paragraph 1 of the counterclaim are admitted.

2.      The averments of paragraph 2 of the counterclaim are admitted.

3       Paragraph 3 of ABDC's counterclaim is a statement of law to which no reply is required. To the extent that a reply is required, Bedard denies said allegations and calls upon ABDC to prove same.

4.      Bedard admits the allegations contained in paragraph 4 of ABDC's counterclaim.

5.      The averments in paragraph 5 of ABDC's counterclaim are admitted.

6.      The averments in paragraph 6 of ABDC's counterclaim are admitted.

7.      Paragraph 7 of ABDC's counterclaim refers to a written agreement, the terms of which speak for itself. Accordingly, no reply of Bedard is required.

8.      Bedard acknowledges that certain pharmaceutical products were purchased by it from ABDC. Further answering, Bedard denies the remaining allegations contained in paragraph 8 of the counterclaim and calls upon ABDC to prove same.

9.      Bedard admits that it received certain invoices from ABDC. Further answering, Bedard denies the remaining allegations contained in paragraph 9 of ABDC's counterclaim and calls upon ABDC to prove same.

10.     Bedard denies the allegations contained in paragraph 10 of ABDC's counterclaim and calls upon ABDC to prove same.

531579

11.    Bedard admits that ABDC has made demand on it for payment, however, Bedard states that no further payments are due from it to ABDC, and in fact, ABDC owes Bedard a credit.

12.    Bedard restates as if fully set forth here, its answer to paragraph 11 of ABDC's counterclaim above.

### BREACH OF CONTRACT

13.    Bedard restates as if fully set here, each of its answers to paragraphs 1 through 12 above.

14.    Bedard denies the allegations contained in paragraph 14 of ABDC's counterclaim and calls upon ABDC to prove same.

15.    Bedard denies the allegations contained in paragraph 15 of ABDC's counterclaim and calls upon ABDC to prove same.

### UNJUST ENRICHMENT

16.    Bedard restates as if fully set forth here, each of its answers to paragraphs 1 through 15 above.

17.    Bedard denies the allegations contained in paragraph 17 of ABDC's counterclaim and calls upon ABDC to prove same.

18.    Bedard denies the allegations contained in paragraph 18 of ABDC's counterclaim and calls upon ABDC to prove same.

### QUANTIM MERUIT

19.    Bedard restates as if fully set forth here, each of its answers to paragraphs 1 through 18 above.

531579

20.    Bedard denies the allegations contained in paragraph 20 of ABDC's

counterclaim and calls upon ABDC to prove same.

21.    Bedard denies the allegations contained in paragraph 21 of ABDC's

counterclaim and calls upon ABDC to prove same.

22.    Bedard denies the allegations contained in paragraph 22 of ABDC's

counterclaim and calls upon ABDC to prove same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

ABDC'S counterclaim fails to state a claim against Bedard upon which relief can

be granted.

### Second Affirmative Defense

The counterclaim is barred as a result of ABDC's breach of its contractual obligations to

Bedard.

### Third Affirmative Defense

The counterclaim is barred by ABDC's unfair and deceptive acts and practices.

### Fourth Affirmative Defense

The counterclaim is barred in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

The counterclaim is barred to the extent that Bedard possesses offsets against

ABDC which are in excess of the counterclaim asserted by ABDC.

531579

### Sixth Affirmative Defense

The counterclaim is barred to the extent that Bedard possesses set-off, recoupment or other equitable rights and remedies as to ABDC.

### Seventh Affirmative Defense

The counterclaim is barred, in whole or in part, by the doctrine of waiver.

### Eighth Affirmative Defense

The counterclaim is barred in whole or in part, as a result of ABDC'S unclean hands.

WHEREFORE, Bedard respectfully requests that this Court enter an Order granting judgment in its favor and dismissing the counterclaim asserted by ABDC against Bedard, together with granting such other relief as this court deems equitable and just.

Dated: May 27, 2005

HINCKLEY ALLEN SNYDER, LLP

By:___\s\ Hugh J. Gorman, III_____
  Hugh J. Gorman, III, Esq.
  BBO #552147
  Attorney for Defendant
  28 State Street
  Boston, MA 02109-1775
  617-345-9000


Russell B. Pierce, Jr., Esq.
Adrian P. Kendall, Esq.
NORMAN, HANSON & DETROY, LLC
415 Congress Street
P.O. Box 4600
Portland, ME 04112
207-774-7000

Of Counsel

531579

## CERTIFICATE OF SERVICE

I, Hugh J. Gorman, III, certify that on this 27th day of May, 2005 I served a copy of the foregoing notice on the counsel and parties set forth below by First Class United States Mail Postage Prepaid and by electronic mail.

\s\ Hugh J. Gorman, III
Hugh J. Gorman, III

## SERVICE LIST

Evan Slavitt, Esq.
Jason Caron, Esq.
225 Friend Street
Boston, MA 02114-1812

Morton R. Branzburg, Esq.
Matthew J. Borger, Esq.
Klehr. Harrison, Harvey, Branzburg &
Ellers, LLP
160 S. Broad Street
Philadelphia, PA 19102-5003

531579